

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed November 19, 2024

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CAREMAX, INC., *et al.*,[1] | Case No. 24-80093 (MVL) |
| Debtors. | (Jointly Administered)<br>Related to Dkt. No. 8 |

**ORDER
(I) AUTHORIZING
THE DEBTORS TO FILE (A)
A CONSOLIDATED CREDITOR MATRIX AND
(B) A CONSOLIDATED LIST OF 30 LARGEST UNSECURED
CREDITORS; (II) WAIVING THE REQUIREMENT TO FILE A LIST OF EQUITY
SECURITY HOLDERS; (III) AUTHORIZING THE DEBTORS TO REDACT CERTAIN
PERSONALLY IDENTIFIABLE INFORMATION; (IV) AUTHORIZING
IMPLEMENTATION OF PROCEDURES TO PROTECT CONFIDENTIAL
PATIENT INFORMATION; (V) ESTABLISHING A COMPLEX
SERVICE LIST; (VI) APPROVING THE FORM AND MANNER
OF THE NOTICE OF COMMENCEMENT; AND
(VII) GRANTING RELATED RELIEF**

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/CareMax. The Debtor's mailing address is 1000 NW 57 Court, Suite 400, Miami, Florida 33126.

Upon the motion ("Motion")[2] of CareMax, Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (i) authorizing the Debtors to file (a) a consolidated creditor matrix and (b) a consolidated list of their 30 largest unsecured creditors; (ii) waiving the requirement to file a list of equity security holders; (iii) authorizing the Debtors to redact certain personally identifiable information, (iv) authorizing implementation of procedures to protect confidential patient information; (v) establishing the Complex Service List; (vi) approving the form and manner of notifying creditors of the commencement of these Chapter 11 Cases, including special noticing procedures for the Debtors' current and former patients; and (vii) granting related relief, each as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final Order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

    1.    The relief requested in this Motion is GRANTED as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

**I. Consolidated Creditor Matrix and Consolidated Top 30 Creditors List.**

2. The Debtors are authorized, but not directed, to file a Consolidated Creditor Matrix and a Consolidated Top 30 Creditors List.

**II. Waiver of the Requirement to File a List of Equity Security Holders.**

3. The requirement that CMAX file a list of equity security holders pursuant to Bankruptcy Rule 1007(a)(3) is waived.

4. Any requirement that CMAX provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is waived, and the Debtors are authorized to serve the notices as required under Bankruptcy Rule 2002(d) on the registered holders of CMAX equity securities and, to the extent they are known, on beneficial holders through the appropriate broker, dealer, commercial banks, trust banks, participant or other intermediary.

**III. Redaction of Individuals' Personally Identifiable Information.**

5. The Debtors are authorized to redact the names, home and email addresses, and any other personally identifiable information of individuals or any other natural person listed from any document filed or to be filed with the Court in these Chapter 11 Cases, including on the Consolidated Creditor Matrix and the Debtors' schedules and statements; *provided, that* the Debtors shall provide unredacted version of any such paper to (a) the Court, (b) the U.S. Trustee, and (c) counsel to any statutory committee appointed in these Chapter 11 Cases; *provided, that* any receiving party shall not transfer or otherwise provide such unredacted document or the information contained therein to any person or entity not party to the request.

6. A copy of this Order shall be attached to any unredacted version of the Consolidated Creditor Matrix and any unredacted version of the Consolidated Creditor Matrix shall include a header, or any other reasonable notice, putting the party in interest in notice of this Order and the redacted nature of the publicly filed document.

7. In the event that a party in interest, other than the United States Trustee for the Northern District of Texas (the "U.S. Trustee"), is required by the Bankruptcy Rules to serve the entire Consolidated Creditor Matrix, they may request that the Debtors direct their Notice and Solicitation Agent to provide service to any creditor if that creditor's information is redacted on the Consolidated Creditor Matrix, and the Debtors must promptly give such direction, and the claims agent must comply with the direction.

**IV.     Patient Protection Procedures.**

8. The following Patient Protection Procedures shall apply in these Chapter 11 Cases:

   a. The Debtors (and/or their Notice and Solicitation Agent) will maintain a list of current or former patients (the "Patient List" of the "Patients"), which will assign a unique identification number to each Patient.

   b. The Debtors will redact and/or omit any protected health information ("PHI"), including any references to current or former patients, from any paper to be filed with the Court, subject to Section (d) below, including:

      (i)    the consolidated list of creditors;

      (ii)   any certificate of notice; and

      (iii)  any schedule of assets and liabilities and statement of financial affairs for any Debtor.

   c. The unredacted versions of any paper filed under seal with the Court pursuant to the Patient Protection Procedures shall not be made available to any party (other than those specified in Section (d) hereof) and may not be filed on the public docket and shall remain under seal until further order of the Court.

   d. The Debtors (and/or their Notice and Solicitation Agent) will make available the Patient List and an unredacted copy of any paper redacted pursuant to the Patient Protection Procedures to (i) the Court and U.S. Trustee, upon request, and (ii) any other party in interest only after the Court has entered an Order, after notice and hearing, authorizing the Debtors to do so; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request; *provided further* that a copy of this Order shall be attached to any unredacted copy of any paper redacted pursuant to the Patient Protection Procedures and any such unredacted paper shall include a header, or any

4

     other reasonable notice, putting the party in interest in notice of this Order and the redacted nature of the publicly filed document.

  e.  When the Debtors (and/or their Notice and Solicitation Agent on behalf of the Debtors), serve any paper upon any person listed on the Patient List, the Debtors shall note in the respective certificate of service that the parties served include persons listed on the Patient List.

9.  The Debtors are authorized to continue their storage and maintenance of Patient records in the ordinary course, including to transfer or pay a third-party provider to maintain certain such records in the case of facility or office closure and pursuant to all applicable federal or state laws and regulations.

10.  Notwithstanding the Patient Protection Procedures, the Debtors shall disclose information about Patients who have filed lawsuits against the Debtors as required under the Bankruptcy Rules or any other order of the Court.

**V. Complex Service List and Noticing Procedures.**

11.  The Debtors will establish an official complex service list (the "<u>Complex Service List</u>") that will include the following parties:

- the Debtors and their counsel;
- the members of any statutory committee appointed in these Chapter 11 Cases and their counsel;
- the U.S. Trustee;
- the Consolidated Top 30 Creditors List;
- the Prepetition Agent and its counsel;
- the DIP Agent and its counsel;
- counsel to the DIP Lenders;
- the Internal Revenue Service;
- the United States Securities and Exchange Commission;
- the United States Attorney's Office for the Northern District of Texas;
- the Office of the Attorney General of Texas;
- the Texas Comptroller of Public Accounts; and
- any party that has requested notice pursuant to Bankruptcy Rule 2002.

12.  The Debtors are authorized to serve notices of any pleading, motion, application, notice, brief, objection, response, affidavits, declaration, or other writings filed in the chapter 11

cases (each a "Filing", collectively, the "Filings"), other than an event or deadline, that must be served on all creditors pursuant to Bankruptcy Rule 2002, only, on (a) the parties on the Complex Service List, (b) any party who has filed a notice of appearance and request for service of pleadings but has not yet been added to the Complex Service List, and (c) any party whose interests the specific Filing affects.

13. The Debtors will file the initial Complex Service List within seven (7) days after entry of this Order, and the Debtors will update the Complex Service List and file a copy thereof fourteen (14) days thereafter, to the extent any changes are made during such fourteen (14) day period, and every sixty (60) days thereafter during the pendency of the Chapter 11 Cases. In the event there are no changes to the Complex Service List within a sixty (60) day period, the Debtors shall file a notice with the Court so stating.

14. The matters for which notice would not be limited include the following: (a) notice of the meeting of creditors pursuant to section 341 of the Bankruptcy Code; (b) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (c) notice of the time fixed for filing objections to and the hearing on approval of a disclosure statement; (d) notice of the time fixed for filing objections to and the hearing on the confirmation of a plan of reorganization; (e) notice of any hearing on dismissal or conversion of the Chapter 11 Cases; (f) notice of a hearing on any entity's request for compensation or reimbursement of expenses exceeding $1,000; and (g) notice of any matter with respect to which a different form of notice is ordered to be given by the Court.

15. Furthermore, to the extent that any Filing particularly or discretely affects any party's rights, the Debtors will be required to provide proper notice as otherwise required by due process and all applicable rules and procedures.

**VI.     Form and Manner of Notice of Commencement.**

16.    The Notice of Commencement, substantially in the form attached hereto as **Exhibit 1**, is hereby approved.  Within five (5) days of entry of this Order, the Debtors are authorized to serve the Notice of Commencement on all parties required to receive such notice under Bankruptcy Rule 2002.  Service and publication of the Notice of Commencement shall be deemed adequate and sufficient notice of (a) the commencement of these Chapter 11 Cases and (b) the scheduling of the 341 Meeting.

17.    The following Patient Noticing Procedures, including the Patient Notice substantially in the form attached hereto as **Exhibit 2**, shall apply in these Chapter 11 Cases:

   a.   The Debtors will serve all Patients with a 4¼" x 6" postcard or, if necessary to comply with notice periods prescribed under the Bankruptcy Rules, a one-page notice, containing the material information set forth in the Notice of Commencement, in both English and Spanish, substantially in the form attached as **Exhibit 2** to the proposed Order (the "Patient Notice"), via first class presort postage or the most cost-effective method available directed to the last known physical address, if available, maintained in their books and records for such Patient.  The Patient Notice will include a QR code (quick-response code) linking the reader directly to the Debtors' case management website, which will provide (i) access to the Notice of Commencement (both in English and Spanish), (ii) an option to receive future notices via email, and (iii) access to other critical information about the Chapter 11 Cases, including the public docket.

   b.   To the extent the Debtors have an email address on file for any of the Patients, the Debtors will also serve the Notice of Commencement on those Patients via email.

   c.   The Debtors will publish the Notice of Commencement in the national edition of *The New York Times* and the local edition of the *Miami Herald*. The Debtors will also publish the Notice of Commencement on the Debtors' case management website established by the Notice and Solicitation Agent.

18.    Within five (5) business days of entry of this Order, the Debtors are authorized to serve the Patient Notice on Patients.

7

19. The Debtors shall cause the Notice of Commencement (with such changes as may be required for publication) to be published once in the national edition of the *New York Times* and the local edition of the *Miami Herald*, and such other publications that the Debtors determine are appropriate in their business judgment, within five (5) days of entry of this Order, or as soon as practicable, and the form of the publication notice is hereby approved and authorized pursuant to Bankruptcy Rule 2002(l).

**VII.   General and Miscellaneous**

20. This Order does not preclude a party in interest's right to file a motion requesting the Bankruptcy Court direct the Debtors to publicly file the information permitted to be redacted by this Order.

21. Nothing in this final Order constitutes (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates. Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

22. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

23. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

25. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**# # # END OF ORDER # # #**

Order submitted by:

SIDLEY AUSTIN LLP
Thomas R. Califano (24122825)
Juliana L. Hoffman (24106103)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: tom.califano@sidley.com
jhoffman@sidley.com

SIDLEY AUSTIN LLP
Stephen Hessler (admitted *pro hac vice*)
Anthony R. Grossi (admitted *pro hac vice*)
Jason L. Hufendick (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: shessler@sidley.com
agrossi@sidley.com
jhufendick@sidley.com

*Proposed Attorneys to the Debtors
and Debtors in Possession*