Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967
Meredyth A. Kippes
for the United States Trustee
meredyth.kippes@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No.   24-80093-mvl11 |
| | § | |
| **CAREMAX INC., et al.,** | § | (Jointly Administered) |
| | § | |
| *Debtor*. | § | Chapter 11 |
| | § | |

**United States Trustee's Limited Objection to Emergency Application for Entry of Interim and Final Orders Authorizing Employment and Retention of Stretto, Inc. as Claims, Noticing, and Solicitation Agent Effective as of the Petition Date**
**[related to docket no. 12]**

TO THE HONORABLE MICHELLE V. LARSON,
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 objects to Debtors' Emergency Application for Entry of Interim and Final Orders Authorizing Employment and Retention of Stretto, Inc. as Claims, Noticing, and Solicitation Agent Effective as of the Petition Date (the "Application," Docket Entry No. 12) and respectfully shows as follows:

**Summary**

The Debtors seek to employ Stretto, Inc. ("Stretto") as their claims agent, noticing and solicitation agent. The United States Trustee does not object to the scope of employment but objects to the exclusion of Stretto from final fee application requirements. Stretto should be required to file a final fee application, separating its activities under 28 U.S.C. § 157(b)(2) (the "Clerk Duties") from its other, non-Clerk Duties.

**Objection**                                                                                                              Page 1 of 8

## Background

1. On November 17, 2024 ("**Petition Date**"), CarMax, Inc., along with its subsidiaries (collectively, "**Debtors**"), filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the Northern District of Texas.

2. On November 19, 2024, the Court entered an order granting joint administration of all Debtors' cases under case no. 24-80093. [docket no. 67].

3. On December 4, 2024, the United States Trustee appointed the official committee of unsecured creditors ("**Committee**"). [docket no. 154].

4. The Debtors' section 341 meeting of creditors is currently scheduled for December 18, 2024.

5. Paragraph 19 of the Application sets forth the proposed scope of Stretto's Claims and Noticing Agent services:

   a. assist the Debtors with the preparation and distribution of all required notices and documents in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including: (i) notice of the commencement of these Chapter 11 Cases and the initial meeting of creditors under Bankruptcy Code section 341(a); (ii) notice of any claims bar date; (iii) notice of any proposed sale of the Debtors' assets; (iv) notices of objections to claims and objections to transfers of claims; (v) notices of any hearings on a disclosure statement and confirmation of any plan or plans of reorganization, including under Bankruptcy Rule 3017(d); (vi) notice of the effective date of any plan; and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors, Court, or Clerk may deem necessary or appropriate for an orderly administration of these Chapter 11 Cases;

   b. maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

   c. maintain (i) a list of all potential creditors, equity holders and other parties in interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010, and update and make said lists

       available upon request by a party-in-interest or the Clerk;

d. to the extent applicable, furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

e. maintain a post office box or address for receiving claims and returned mail, and process all mail received;

f. f. for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk no more frequently than every seven (7) days an affidavit or certificate of service that includes: (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served; (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses; (iii) the manner of service; and (iv) the date served;

g. receive and process all proofs of claim, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

h. provide an electronic interface for filing proofs of claim;

i. maintain the official claims register for each Debtor (collectively, the "Claims Registers") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned; (ii) the date received; (iii) the name and address of the claimant and agent, if applicable, who filed the claim; (iv) address for payment, if different from the notice address; (v) the amount asserted; (vi) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.); (vii) the applicable Debtor; and (viii) any disposition of the claim;

j. provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

k. record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

l. implement reasonable security measures designed to ensure the completeness and integrity of the Claims Registers and the safekeeping of any proofs of claim;

m. relocate, by messenger or overnight delivery, all of the court-filed proofs of claim

    to the offices of Stretto not less than weekly;

n. monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

o. assist in the dissemination of information to the public and respond to requests for administrative information regarding these Chapter 11 Cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

p. provide docket updates via email to parties who subscribe for such service on the Debtors' case website;

q. comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders, and other requirements in connection with the services rendered pursuant to the Engagement Letter;

r. if these Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk within three (3) days of notice to Stretto of entry of the order converting the cases;

s. thirty (30) days prior to the close of these Chapter 11 Cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Stretto as claims, noticing, and solicitation agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these Chapter 11 Cases;

t. within seven (7) days of notice to Stretto of entry of an order closing these Chapter 11 Cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the cases; and

u. at the close of these Chapter 11 Cases: (i) box and transport all original documents, in proper format, as provided by the Clerk, any location requested by the Clerk; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

6. Paragraph 20 of the Application sets forth Stretto's Solicitation Agent services:

a. assist the Debtors with, among other things, plan-solicitation services including: (i) balloting; (ii) distribution of applicable solicitation materials; (iii) tabulation and calculation of votes; (iv) determining with respect to each ballot cast, its timeliness and its compliance with the Bankruptcy Code, Bankruptcy Rules, and procedures ordered by the Court; (v) preparing an official ballot certification and testifying, if necessary, in support of the ballot tabulation results; and (vi) in connection with the

      foregoing services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

    b. if requested, assist with the preparation of the Debtors' Schedules and gather data in conjunction therewith;

    c. provide a confidential data room, if requested;

    d. coordinate publication of certain notices in periodicals and other media;

    e. manage and coordinate any distributions pursuant to a chapter 11 plan; and

    f. provide such other claims, noticing, processing, solicitation, balloting, and other administrative services described in the Engagement Letter, that may be requested from time to time by the Debtors, the Court, or the Clerk.

7. Stretto seeks for its fees to be treated as an administrative expense claim under 11 U.S.C. § 503(b)(1)(A). Stretto will bill the state monthly for the prior month and will provide its invoices to the United States Trustee, Debtors' counsel, committee counsel, and to any party that specifically requests the invoices. Application, ¶ 21. "If any dispute arises relating to the Engagement Letter or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute. If resolution is not achieved, the parties may seek resolution of the matter from the Court." Application, ¶ 22.

## Argument and Authority

8. Stretto, as the Applicant, bears the burden of establishing that its employment terms are reasonable. *In re Troung,* 259 B.R. 264, 268 (Bankr. D. N.J. 2001). Stretto is overseen by attorneys and financial professionals, and its services implicate legal compliance. Here, the monthly fee procedures without a mechanism for holdback and final Court review are improper under the facts of this case.

9. "Except as otherwise provided in [section 327], the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other

professionals persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

10. The Court has broad discretion when examining fee and employment application. *See, e.g., Arens v. Broughton (In re Prudhomme)*, 43 F.3d 1000, 1003 (5th Cir. 1995).

11. Section 330(a)(1) provides that, after notice and a hearing, the Court may award a professional person "reasonable compensation for actual, necessary services rendered by [the professional]" and reimbursement of actual, necessary expenses.

12. In determining the reasonableness of such fees, the court should consider "the nature, the extent, and the value of such services, taking into account all relevant factors, including"

   a. The time spent on such services;
   b. The rates charged for such services;
   c. Whether the services were necessary to or beneficial to the administration of the bankruptcy case;
   d. Whether the services were performed within a reasonable period of time commensurate with the complexity, importance and nature of the task;
   e. Whether the professional is board certified or has otherwise demonstrated experience in the bankruptcy field; and
   f. Whether the compensation is reasonable based on the customary compensation charged by comparable skilled practitioners. 11 U.S.C. § 330(a)(3).

13. Certain of the services contemplated to be provided by Stretto are administrative functions of the Clerk of the Court. Others, such as the Solicitation Services and noticing of all of the Debtors' notices and pleading, are the type of professional services that are provided by debtor's counsel (the "Attorney Adjacent Services") – and thus subject to fee application – in cases that do not have a claim and noticing agent. Accordingly, allowing Stretto not to file a fee application for the Attorney Adjacent Services when similar services performed by debtor's counsel would be subject to fee application in other cases holds the fees for Stretto's Attorney

Adjacent Services to a different standard than if the same services were performed by Debtors' counsel.

14. Currently, Stretto contemplates that any issue with its monthly fees must be raised in court. Stretto does not propose a holdback as is generally contemplated with regard to interim fee procedures for other professionals. It is unclear who carries the burden to file the request for hearing before the Court if there is a dispute concerning Stretto's fees. The Court should mirror the fee procedures for other professionals and require that Stretto hold back a portion of its monthly fee pending objection and review.

15. By requesting that Stretto be excused from the requirement to file a fee application, the Debtors are seeking to take away from this Court's authority to review Stretto's fees for its Attorney Adjacent Services reasonableness. *In re Mirant Corp.*, 354 B.R. 113, 128 (Bankr. N.D. Tex. 2006). The best measure of a professional's contribution to a plan process is the value of their contribution to the case. *In re Mirant Corp.*, 354 B.R. at 129. In the present case, the Stretto's fees for its Attorney Adjacent Services will be the best measure of the reasonableness of those fees.

16. Because Stretto's work is more tailored in nature than other professionals, the United States Trustee requests that Stretto file a final fee application only in the present case.

Wherefore, the United States Trustee requests that the Court enter an order sustaining this limited objection and granting to the United States Trustee such other and further relief as is just and proper.

DATED: December 11, 2024          Respectfully submitted,

LISA L. LAMBERT
UNITED STATES TRUSTEE
*/s/ Meredyth A. Kippes*
Meredyth A. Kippes
Trial Attorney
Texas State Bar No. 24007882
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-1079
meredyth.kippes@usdoj.gov

## Certificate of Service

The undersigned counsel certifies that copies of the foregoing document were served on December 11, 2024 via ECF to those parties requesting service via ECF in this case and to the parties listed below via electronic mail.

*/s/ Meredyth A. Kippes*
Meredyth A. Kippes

CareMax, Inc.
1000 NW 57 Court, Suite 400
Miami, Florida 33126
Attn: Paul Rundell, Chief Restructuring Officer
prundell@alvarezandmarsal.com

SIDLEY AUSTIN LLP
Thomas R. Califano (24122825)
Juliana L. Hoffman (24106103)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
tom.califano@sidley.com
jhoffman@sidley.com

SIDLEY AUSTIN LLP
Stephen E. Hessler
Anthony R. Grossi
Jason L. Hufendick
787 Seventh Avenue
New York, New York 10019
shessler@sidley.com
agrossi@sidley.com
jhufendick@sidley.com

Boris I. Mankovetskiy
Sill Cummis & Gross P.C.
The Legal Center, One Riverfront Plaza
Newark, NJ 07102
bmankovetskiy@sillscummis.com

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
rfeinstein@pszjlaw.com

Bradford J. Sandler
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
bsandler@pszjlaw.com

Michael D. Warner
Pachulski Stang Ziehl & Jones LLP
735 Plaza Blvd., Suite 200
Coppell, TX 75019

Michael D. Warner
Pachulski Stang Ziehl & Jones LLP
700 Louisiana Street, Suite 4500
Houston, TX 77002
mwarner@pszjlaw.com