Michael D. Warner, Esq. (TX Bar No. 00792304)
PACHULSKI STANG ZIEHL & JONES LLP
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone:  (713) 691-9385
Facsimile:  (713) 691-9407
Email:   mwarner@pszjlaw.com

Bradford J. Sandler, Esq. (admitted *pro hac vice*)
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Judith Elkin, Esq. (TX Bar No. 06522200)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:   bsandler@pszjlaw.com
          rfeinstein@pszjlaw.com
          jelkin@pszjlaw.com

Andrew H. Sherman, Esq. (admitted *pro hac vice*)
Boris I. Mankovetskiy, Esq. (admitted *pro hac vice*)
SILLS CUMMIS & GROSS P.C.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
Email:   asherman@sillscummis.com
          bmankovetskiy@sillscummis.com

*Counsel to Advisory Trust Group, LLC as Plan Administrator*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CAREMAX, INC.,[1] | Case No. 24-80093 (MVL) |
| Post-Effective Date Debtor. | |

**PLAN ADMINISTRATOR'S OBJECTION TO CLAIMS ASSERTED BY THE
DEPARTMENT OF TREASURY-INTERNAL REVENUE SERVICE**

**THIS IS AN OBJECTION TO YOUR CLAIM. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXNB.USCOURTS.GOV/ NO MORE THAN THREE DAYS PRIOR TO THE DATE OF THE HEARING SET FORTH BELOW. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN RESPONSE THAT IS ACTUALLY RECEIVED BY THE CLERK AND FILED ON THE DOCKET NO MORE THAN THREE DAYS PRIOR TO THE DATE**

---

[1]   The Post-Effective Date Debtor in this Chapter 11 Case is CareMax, Inc. The Post-Effective Date Debtor's mailing address is:  Caremax Plan Administrator, c/o Giuliano Miller & Co. LLC, 2301 E Evesham Road, 800 Pavilion Suite 210, Voorhees Township, NJ 08043.

**OF THE HEARING SET FORTH BELOW. OTHERWISE, THE COURT MAY TREAT THE OBJECTION AS UNOPPOSED AND GRANT THE RELIEF REQUESTED**

**AN EVIDENTIARY HEARING WILL BE CONDUCTED ON THIS MATTER ON <u>OCTOBER 7, 2025, AT 2:00 P.M. C.T.</u> IN ROOM 1424, EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 2, DALLAS, TEXAS 75242. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION. AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1.650.479.3207. THE MEETING CODE IS 2301 476 1957. VIDEO COMMUNICATION WILL BE BY USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE LARSON'S HOME PAGE. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING. HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LARSON'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE**

Advisory Trust Group, LLC (the "<u>Plan Administrator</u>"), as defined in and established pursuant to the confirmed *Third Amended Joint Chapter 11 Plan of CareMax, Inc. and Its Debtor Affiliates* [Docket No. 586] (including any exhibits and schedules thereto, the "<u>Plan</u>"),[2] hereby files this objection (this "<u>Objection</u>") to the claims (the "<u>Claims</u>[3]") filed by the Department of Treasury-Internal Revenue Service (the "<u>Claimant</u>"). This Objection is supported by the *Declaration of Michael Infanti in Support of the Plan Administrator's Objection to Claims Asserted by the Department of Treasury-Internal Revenue Service* (the "<u>Declaration</u>"). In support of the Objection, the Plan Administrator respectfully states as follows:

<u>**Jurisdiction and Venue**</u>

1.     The United States Bankruptcy Court for the Northern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core

---

[2]     A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Plan.

[3]     Any Claimant may request a copy of its Proof of Claim from the Plan Administrator through its counsel.

proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested in this Objection are sections 105(a), 502 and 507 of Title 11 of the United States Code (the "Bankruptcy Code"); Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); Rule 3007-1 of the Local Rules of the Bankruptcy Court for the Northern District of Texas (the "Local Rules"); and Section M, Paragraphs 44-47 of the *Procedures for Complex Cases in the Northern District of Texas*, effective February 6, 2023 (the "Complex Case Procedures").

### Relief Requested

3.      The Plan Administrator respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), disallowing each of the claims identified on **Schedule 1** to the Proposed Order (collectively, the "Claims").

### General Background

4.      On November 17, 2024 (the "Petition Date"), the Debtors and its affiliated entities (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

5.      On November 17, 2024, the Debtors filed a motion [Docket No. 24] to establish bar dates and to approve related notices and procedures.  The Court granted that motion on December 18, 2024 [Docket No. 244] (the "Bar Date Order").  The Bar Date Order, *inter alia*, established May 16, 2025, at 11:59 p.m. (prevailing Central Time) as the deadline for all governmental entities to file a proof of claim asserting a prepetition Claim against any of the Debtors (the "Governmental Bar Date").

6.      On January 31, 2025, the Bankruptcy Court entered its *Findings of Fact,
Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement on a Final Basis;
and (II) Confirming the Third Amended Joint Chapter 11 Plan of CareMax, Inc. and its Debtor
Affiliates* [Docket No. 587] (the "Confirmation Order"), confirming the Plan.

7.      On February 3, 2025 (the "Effective Date"), the Plan became effective in
accordance with the terms of the Plan and the Confirmation Order.  *See* Docket No. 596.  Upon
the occurrence of the Effective Date, the Plan Administrator was appointed and authorized, among
other things, to reconcile and, if necessary, object to all claims asserted against the Debtors.

## The Claims

8.      On February 24 and 28, 2025, as applicable, Claimant filed ten (10) proofs of claim,
each against a different Debtor, which assert for various prepetition periods priority and general
unsecured claims for: (a) estimated employer withholdings under the Federal Insurance
Contributions Act ("FICA"), and Federal Unemployment Tax Act ("FUTA") (collectively, the
"Withholding Tax Claims"); (b) estimated corporate income taxes (the "Corporate Income Tax
Claims"); (c) partnership taxes (the "Partnership Tax Claims"); (d) excise taxes (the "Excise Tax
Claims"); (e) accrued interest; and (f) penalties, as briefly summarized in the chart below:

| Claim No. | Claimant | Date Filed | Debtor | Total Asserted Status & Amount |
|---|---|---|---|---|
| 290 | Department of Treasury Attn:  Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/24/2025 | Jesus Montesano MD, LLC | Priority 507(a)(8): $    8,000.00 GUC:              $       500.00 Total:             $    8,500.00 |
| 291 | Department of Treasury Attn:  Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/24/2025 | Primary Provider, Inc. | Priority 507(a)(8): $  15,412.36 GUC:              $    5,323.36 Total:             $  20,735,72 |
| 292 | Department of Treasury Attn:  Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/24/2025 | ClearScripts, LLC | Priority 507(a)(8): $    5,000.00 GUC:              $    7,700.00 Total:             $  12,700.00 |

| Claim No. | Claimant | Date Filed | Debtor | Total Asserted Status & Amount |
|---|---|---|---|---|
| 298 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/24/2025 | Caremed Pharmacy, LLC | Priority 507(a)(8): $312,163.70 GUC: $ 4,138.07 Total: $316,301.77 |
| 300 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/24/2025 | CareMax Medical of Little Havana, LLC | Priority 507(a)(8): $ 7,800.00 GUC: $ 1,600.00 Total: $ 9,400.00 |
| 302 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/24/2025 | CareMax, Inc. | Priority 507(a)(8): $ 1,000.00 GUC: $ 0.00 Total: $ 1,000.00 |
| 303 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/24/2025 | CareMax Medical Center of Little Havana, LLC | Priority 507(a)(8): $ 5,500.00 GUC: $ 700.00 Total: $ 6,200.00 |
| 306 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/28/2025 | Medical Care of NY, PC | Priority 507(a)(8): $ 54,784.31 GUC: $ 0.00 Total: $ 54,784.13 |
| 307 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/28/2025 | Medical Care of Tennessee, PLLC | Priority 507(a)(8): $ 45,130.81 GUC: $ 0.00 Total: $ 45,130.81 |
| 310 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/28/2025 | Interamerican Medical Center Group, LLC | Priority 507(a)(8): $ 27,404.73 GUC: $ 31,404.73 Total: $ 58,809.46 |

## Objections

9. **Excise Tax Claim – Claim No. 310 (Interamerican Medical Center Group, LLC).** In Claim No. 310 ("Claim No. 310"), Claimant asserts an Excise Tax Claim against Debtor Interamerican Medical Center Group LLC ("IMCG"), composed of the following: (a) a priority claim for excise taxes allegedly owed by IMCG for the tax period ending December 31, 2019 in the amount of $27,404.73, and (b) a general unsecured claim for excise taxes allegedly owed by IMCG for the tax periods ending December 31, 2018 and December 31, 2017 in the aggregate

amount of $31,404.73. However, based upon the Debtors' books and records, former accounting staff of the Debtors, and the Debtors' outside accountants, IMCG is not subject to any excise taxes and has never filed a return for excise taxes or paid federal excise tax.

10.     For the foregoing reasons, Claim No. 310 should be disallowed in its entirety.

11.     **The Withholding Tax Claims.** Claim Nos. 290, 292, 298, 300, 303, 306 and 307 (collectively, the "Withholding Tax Claims"), assert, *inter alia*, Withholding Tax Claims as priority claims pursuant to Bankruptcy Code section 507(a)(8), in part, and general unsecured claims, in part, for alleged estimated FICA and/or FUTA withholding liabilities for various tax periods. The Withholding Tax Claims are estimates only and, to the Plan Administrator's knowledge, no unpaid FICA and/or FUTA obligations actually have been assessed against the Debtors. Moreover, according to the Debtors' books and records, no FICA or FUTA withholdings are in fact owing by any of the Debtors for any outstanding tax periods.

12.     The Debtors' books and records reflect that all FICA and/or FUTA withheld from employee paychecks have been paid in full, in one of three, alternative ways depending on the relevant tax period: (a) pursuant to payments made by the Debtors' co-employer professional employment organization, RegisHR ("RegisHR" or the "PEO"); (b) directly to the federal government by the Debtors; or (c) on behalf of the Debtors by the Debtors' third party payroll service provider.

13.     For most of the relevant tax periods commencing in approximately the third quarter 2021 through approximately eight (8) months prepetition, the Debtors were members of the RegisHR PEO. As the PEO, RegisHR was the employer of record of the Debtors' workforce for tax purposes and, in that capacity, RegisHR was responsible for filing all FICA and FUTA returns and remitting FICA and FUTA withholdings for each co-employer's employees, including the

Debtors' employees. The Debtors, in turn, remitted their respective share of FICA and FUTA withholdings to RegisHR, pursuant to invoices issued by RegisHR to the Debtors.

14.    For Withholding Tax Claims relating to non-PEO tax periods, the Debtors' books and records reflect that all FICA and FUTA withholdings have been remitted for such periods either by the Debtors directly or on behalf of the Debtors by their third party payroll service provider. For the foregoing reasons, all of the Withholding Tax Claims, together with asserted accrued interest and penalties, should be disallowed in their entirety.

15.    **Corporate Income Tax Claims.**  Claim Nos. 291, 302, 306, and 307 (collectively, the "Corporate Income Tax Claims") assert, *inter alia*, priority claims pursuant to Bankruptcy Code section 507(a)(8), in part, and general unsecured claims, in part, for alleged estimated corporate income tax liabilities, accrued interest, and penalties.  As addressed above with respect to the Withholding Tax Claims, the Corporate Income Tax Claims are estimates only and, to the Plan Administrator's knowledge, no unpaid corporate income taxes have been assessed. Moreover, according to the Debtors' books and records, no corporate income taxes are in fact owing by any of the Debtors for any outstanding tax periods.

16.    The Debtors' books and records indicate that all corporate tax returns through 2023 have been filed, and that any and all income taxes owed for such tax periods have been paid. Additionally, with respect to the Debtors' federal tax returns for 2024, the Debtors' books and records reflect a loss on a consolidated basis for 2024 and, consequently, that no income taxes will be owed. For the foregoing reasons, the Corporate Tax Claims, together with all asserted accrued interest and penalties, should be disallowed in their entirety.

17.    **Partnership Taxes (Claim Nos. 292 and 298).** Claim Nos. 292 and 298 (collectively, the "Partnership Tax Claims") assert against Debtors ClearScripts, LLC

("ClearScripts") and Caremed Pharmacy LLC  ("Caremed Pharmacy"), respectively, general unsecured claims of $2,500 and $1,222.14 for unpaid partnership taxes.  However, ClearScripts and Caremed Pharmacy were disregarded entities and did not have any stand-alone reporting with the federal government.  The Partnership Tax Claims should be disallowed in their entirety.

18.     The following table sets forth a summary of the proposed disposition of each of the Claims except for Claim No. 310.[4]

| Claim No. | Total Asserted Status and Amount of Claim | FICA/FUTA Taxes to Be Disallowed | Corporate Income Taxes to Be Disallowed | Partnership Taxes to Be Disallowed |
|---|---|---|---|---|
| 290 | Priority 507(a)(8): $ 8,000.00<br>GUC: $ 500.00<br>Total: $ 8,500.00 | Priority 507(a)(8): $ 8,000.00<br>GUC: $ 500.00<br>Total: $ 8,500.00 | N/A | N/A |
| 291 | Priority 507(a) (8): $ 15,412.36<br>GUC: $ 5,323.36<br>Total: $ 20,735,72 | N/A | Priority 507(a) (8): $ 15,412.36<br>GUC: $ 5,323.36<br>Total: $ 20,735,72 | N/A |
| 292 | Priority 507(a)(8): $ 5,000.00<br>GUC: $ 7,700.00<br>Total: $ 12,700.00 | Priority 507(a)(8): $ 5,000.00<br>GUC: $ 5,200.00<br>Total: $ 10,200.00 | N/A | Priority: $ 0.00<br>GUC: $2,500.00<br>Total: $2,500.00 |
| 298 | Priority 507(a)(8): $312,163.70<br>GUC: $ 4,138.07<br>Total: $316,301.77 | Priority507(a)(8): $312,163.70<br>GUC: $ 4,138.07<br>Total: $316,301.77 | N/A | Priority: $ 0.00<br>GUC: $1,222.14<br>Total: $1,222.14 |
| 300 | Priority 507(a)(8): $ 7,800.00<br>GUC: $ 1,600.00<br>Total: $ 9,400.00 | Priority 507(a)(8): $ 7,800.00<br>GUC: $ 1,600.00<br>Total: $ 9,400.00 | N/A | N/A |
| 302 | Priority 507(a)(8): $ 1,000.00<br>GUC: $ 0.00<br>Total: $ 1,000.00 | N/A | Priority 507(a) (8): $ 1,000.00<br>GUC: $ 0.00<br>Total: $ 1,000.00 | N/A |
| 303 | Priority 507(a)(8): $ 5,500.00<br>GUC: $ 700.00<br>Total: $ 6,200.00 | Priority 507(a)(8): $ 5,500.00<br>GUC: $ 700.00<br>Total: $ 6,200.00 | N/A | N/A |
| 306 | Priority 507(a)(8): $ 54,784.31<br>GUC: $ 0.00<br>Total: $ 54,784.13 | Priority507(a)(8): $ 49,884.31<br>GUC: $ 0.00<br>Total: $ 49,884.31 | Priority 507(a)(8): $ 4,900.00<br>GUC: $ 0.00<br>Total: $ 4,900.00 | N/A |
| 307 | Priority507(a)(8): $ 45,130.81<br>GUC: $ 0.00<br>Total: $ 45,130.81 | Priority507(a)(8): $ 44,630.81<br>GUC: $ 0.00<br>Total: $ 44,630.81 | Priority 507(a)(8): $ 500.00<br>GUC: $ 0.00<br>Total: $ 500.00 | N/A |

## Basis for Objection

19.     A filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). A claimant's proof of claim is entitled to the presumption of *prima facie* validity

---

[4]     Per above, Claim No. 310 is the alleged Excise Tax Claim which should be disallowed in its entirety on the bases set forth in paragraph 9 above.

under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence" the validity of its claim. *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

20.     Further, section 502(b)(1) of the Bankruptcy Code provides that a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1). The failure to allege facts and provide adequate support for a claim eliminates the claim's *prima facie* validity. *Wilferth v. Heritage Org., L.L.C. (In re Heritage Org., L.L.C.)*, 2006 Bankr. LEXIS 4577, at *22-23 (Bankr. N.D. Tex. Jan. 27, 2006) (citing cases).

21.     An objection to a proof of claim must be made in writing, and the claimant must be provided with no less than thirty days' notice of the hearing to be held in respect of such objection. *See* Fed. R. Bankr. P. 3007(a).

22.     Each of the Claims listed on **<u>Schedule 1</u>** to the Proposed Order should be disallowed.  For each of the Claims, the Plan Administrator requests entry of an order disallowing each claim identified on **<u>Schedule 1</u>** to the Proposed Order for the reasons set forth above.  If the Claims are not disposed of as indicated, the claims of other general unsecured creditors in these cases will be negatively impacted in the calculation of the recovery available to Class 5 under the Plan.  *See* Declaration ¶¶ 3–4.

23.     Accordingly, the Plan Administrator respectfully requests that the Court disallow each claim identified on **Schedule 1** to the Proposed Order for the reasons set forth herein.

### Reservation of Rights

24.     In the event that the Claims are not disallowed on the grounds asserted herein or are only reclassified as a general unsecured claim, the Plan Administrator reserves all rights to further object to the Claims on any other grounds.  Additionally, the Plan Administrator expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Claims or any other claims that have been or may be filed or asserted against the Debtors' estates by Claimant.

### Separate Contested Matter

25.     To the extent that a response is filed regarding any Claims and the Plan Administrator is unable to resolve any such response, each such Claims, and the Objection as it pertains to such Claims, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Plan Administrator requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

### Notice

26.     Notice of this Objection has been given to: (a) the Claimant at the addresses set forth on the Claims; and (b) the U.S. Trustee.  The Trust respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

### Conclusion

**WHEREFORE**, based upon the foregoing, the Plan Administrator respectfully requests that the Court: (a) sustain this Objection; (b) enter the Proposed Order sustaining this Objection

providing that the Claims shall be disallowed as identified on **Schedule 1** to the Proposed Order;
and (c) grant such other and further relief as the Court deems just and proper under the
circumstances.

Dated: August 27, 2025            Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Michael D. Warner*
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Judith Elkin (TX Bar No. 06522200)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
        jelkin@pszjlaw.com

- and -

Michael D. Warner, Esq. (TX Bar No. 00792304)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone:  (713) 691-9385
Facsimile: (713) 691-9407
Email:  mwarner@pszjlaw.com

-and-

Andrew H. Sherman, Esq. (admitted *pro hac vice*)
Boris I. Mankovetskiy, Esq. (admitted *pro hac vice*)
**SILLS CUMMIS & GROSS P.C.**
The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
Email: asherman@sillscummis.com
        bmankovetskiy@sillscummis.com

*Counsel to Advisory Trust Group, LLC as Plan Administrator*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2025, a true and correct copy of the above and foregoing was caused to be served through this Court's CM/ECF noticing system to all parties registered to receive notices in these cases and by First Class U.S. Mail on Claimant at the address set forth in the Proof of Claim.

*/s/ Michael D. Warner*
Michael D. Warner

## **EXHIBIT A**


## **DECLARATION MICHAEL INFANTI**

Michael D. Warner, Esq. (TX Bar No. 00792304)
PACHULSKI STANG ZIEHL & JONES LLP
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone:  (713) 691-9385
Facsimile: (713) 691-9407
Email:  mwarner@pszjlaw.com

Bradford J. Sandler, Esq. (admitted *pro hac vice*)
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Judith Elkin (TX Bar No. 06522200)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:   bsandler@pszjlaw.com
         rfeinstein@pszjlaw.com
         jelkin@pszjlaw.com

Andrew H. Sherman, Esq. (admitted *pro hac vice*)
Boris I. Mankovetskiy, Esq. (admitted *pro hac vice*)
SILLS CUMMIS & GROSS P.C.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
Email:   asherman@sillscummis.com
         bmankovetskiy@sillscummis.com

*Counsel to Advisory Trust Group, LLC as Plan Administrator*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CAREMAX, INC.,[1] | Case No. 24-80093 (MVL) |
| Post-Effective Date Debtor. | |

## DECLARATION OF MICHAEL INFANTI IN SUPPORT OF PLAN ADMINISTRATOR'S OBJECTION TO CLAIMS ASSERTED BY THE DEPARTMENT OF TREASURY-INTERNAL REVENUE SERVICE

I, Michael Infanti, hereby declare:

---

[1] The Post-Effective Date Debtor in this Chapter 11 Case is CareMax, Inc. The Post-Effective Date Debtor's mailing address is: Caremax Plan Administrator, c/o Giuliano Miller & Co. LLC, 2301 E Evesham Road, 800 Pavilion Suite 210, Voorhees Township, NJ 08043.

1.      I am an accounting manager with Giuliano Company, LLC. My firm and I have been retained by Advisory Trust Group, LLC in its capacity as plan administrator (the "Plan Administrator"), as defined in and established pursuant to the confirmed *Third Amended Joint Chapter 11 Plan of CareMax, Inc. and Its Debtor Affiliates* [Docket No. 586] (including any exhibits and schedules thereto, the "Plan"), to assist with the administration of the estates post-Effective Date and related claims analysis.  I have over 20 years of experience working on chapter 11 cases in various capacities including as a CPA, a fraud examiner, and an insolvency and restructuring professional.  I am generally knowledgeable about and familiar with the Debtors' and Reorganized Debtor's businesses and financial affairs.

2.      Except as otherwise indicated, the facts set forth in this declaration (the "Declaration") are based upon my personal knowledge, work performed by others on the Plan Administrator's team under my supervision and in consultation with counsel, discussions with employees of the Reorganized Debtor and/or its advisors, and based upon my general experience and knowledge related to the Debtors' and Reorganized Debtor's liabilities and information from its pre and post-petition books and records, as well as the Claims Register.  If called upon to testify, I would testify competently to the facts set forth herein.  I am authorized to submit this Declaration on behalf of the Plan Administrator. I am familiar with the *Plan Administrator's Objection to the Claims Asserted by the Department of Treasury-Internal Revenue Service* (the "Objection"), filed concurrently herewith and incorporated herein by reference.[2]

3.      I have reviewed the Claims and the evidence attached thereto and determined that the Claims listed on **Schedule 1** to the Proposed Order should be disallowed for the reasons set forth therein and in the Objection.

---

[2]     Capitalized terms used but not defined in this Declaration shall have the meanings ascribed to them in the Plan or the Objection, as applicable.

4.      Accordingly, the Plan Administrator believes that if the Claims are not disposed of as indicated, the claims of other general unsecured creditors in these cases will be negatively impacted in the calculation of the recovery available to general unsecured creditors under the Plan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing Declaration are true and correct to the best of my knowledge, information, and belief.

Dated:  August 27, 2025                              */s/ Michael Infanti*_____
                                                      Michael Infanti
                                                      Accounting Manager
                                                      Giuliano Miller & Company, LLC

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CAREMAX, INC.,[1] | Case No. 24-80093 (MVL) |
| Post-Effective Date Debtor. | |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S OBJECTION TO CLAIMS**
**ASSERTED BY THE DEPARTMENT OF TREASURY-**
**INTERNAL REVENUE SERVICE**
**(Related Docket No. _____)**

Upon the objection (the "Objection")[2], of the Plan Administrator seeking entry of an order

(this "Order") disallowing each claim identified on **Schedule 1** attached hereto (collectively the

---

[1]    The Post-Effective Date Debtor in this Chapter 11 Case is CareMax, Inc. The Post-Effective Date Debtor's mailing address is:  Caremax Plan Administrator, c/o Giuliano Miller & Co. LLC, 2301 E Evesham Road, 800 Pavilion Suite 210, Voorhees Township, NJ 08043.

[2]    A capitalized term used but not defined herein shall have the meaning ascribed to it in the Objection.

"<u>Claims</u>") and granting related relief, all as more fully set forth in the Objection; pursuant to

sections 105(a), 502 and 507 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the Local Rules of the

United States Bankruptcy Court for the Northern District of Texas; and the Court having

jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C.

§ 1334; and consideration of the Objection and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it

appearing that no other or further notice need be provided; and this Court having reviewed the

Objection; and this Court having found and determined that the relief sought in the Objection is in

the best interests of the Plan Administrator, the beneficiaries of the Plan Administrator, and all

parties in interest, and that the legal and factual bases set forth in the Objection establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT**:

1.        Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007,

each of the Claims identified on **<u>Schedule 1</u>** to this Order is disallowed in its entirety.

2.        The Plan Administrator, Clerk of Court or Claims Agent, as applicable, is

authorized and directed to update the official claims register maintained in these Chapter 11 Cases

to reflect the relief granted in this Order.

3.        Each of the Claims and the objections by the Plan Administrator to each Claim

identified in **<u>Schedule 1</u>** constitute a separate contested matter as contemplated by Bankruptcy

Rule 9014. This Order will be deemed a separate order with respect to each Claims.

4.    The Plan Administrator is authorized to take all steps necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5.    This Court retains exclusive jurisdiction and power to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

### ###END OF ORDER###

Submitted by:

Michael D. Warner, Esq. (TX Bar No. 00792304)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone:  (713) 691-9385
Facsimile: (713) 691-9407
Email:  mwarner@pszjlaw.com

 - and -

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Judith Elkin (TX Bar No. 06522200)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
        jelkin@pszjlaw.com

-and-

Andrew H. Sherman, Esq. (admitted *pro hac vice*)
Boris I. Mankovetskiy, Esq. (admitted *pro hac vice*)
**SILLS CUMMIS & GROSS P.C.**
The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
Email:  asherman@sillscummis.com
        bmankovetskiy@sillscummis.com

*Counsel to Advisory Trust Group, LLC as Plan Administrator*

## SCHEDULE 1

**(Department of Treasury-Internal Revenue Service Claims)**

| POC No. | Claimant | Date Filed | Debtor | Resolution | Bases for Disallowance |
|---|---|---|---|---|---|
| 290 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/24/2025 | Jesus Montesano MD, LLC | Disallow Claim 290 | The Withholding Tax Claims are estimates only. No unpaid FICA and/or FUTA obligations actually have been assessed. According to the Debtors' books and records, no FICA or FUTA withholdings are owing for any outstanding tax periods. Such amounts have been paid in full (a) pursuant to payments made by the Debtors' co-employer professional employment organization, RegisHR; (b) directly to the federal government by the Debtors; and/or (c) on behalf of the Debtors by the Debtors' third party payroll service provider. |
| 291 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/24/2025 | Primary Provider, Inc. | Disallow Claim 291 | The Corporate Income Tax Claim is an estimate only, and no unpaid corporate income taxes have been assessed. According to the Debtors' books and records, no corporate income taxes are owing by any of the Debtors for any outstanding tax periods. |
| 292 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/24/2025 | ClearScripts, LLC | Disallow Claim 292 | A. The Withholding Tax Claims are estimates only. No unpaid FICA and/or FUTA obligations actually have been assessed. According to the Debtors' books and records, no FICA or FUTA withholdings are owing for any outstanding tax periods. Such amounts have been paid in full (a) pursuant to payments made by the Debtors' co-employer professional employment organization, RegisHR; (b) directly to the federal government by the Debtors; and/or (c) on behalf of the Debtors by the Debtors' third party payroll service provider.<br><br>B. The Partnership Tax Claim is disallowed on the grounds that the liability is not owing. ClearScripts, LLC was a disregarded entity and did not have any stand-alone reporting with the federal government. |

| POC No. | Claimant | Date Filed | Debtor | Resolution | Bases for Disallowance |
|---|---|---|---|---|---|
| 298 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/24/2025 | Caremed Pharmacy, LLC | Disallow Claim 298 | A. The Withholding Tax Claims are estimates only. No unpaid FICA and/or FUTA obligations actually have been assessed. According to the Debtors' books and records, no FICA or FUTA withholdings are owing for any outstanding tax periods. Such amounts have been paid in full (a) pursuant to payments made by the Debtors' co-employer professional employment organization, RegisHR; (b) directly to the federal government by the Debtors; and/or (c) on behalf of the Debtors by the Debtors' third party payroll service provider.

B. The Partnership Tax Claim is disallowed on the grounds that the liability is not owing. Caremed Pharmacy, LLC was a disregarded entity and did not have any stand-alone reporting with the federal government. |
| 300 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/24/2025 | CareMax Medical of Little Havana, LLC | Disallow Claim 300 | The Withholding Tax Claims are estimates only. No unpaid FICA and/or FUTA obligations actually have been assessed. According to the Debtors' books and records, no FICA or FUTA withholdings are owing for any outstanding tax periods. Such amounts have been paid in full (a) pursuant to payments made by the Debtors' co-employer professional employment organization, RegisHR; (b) directly to the federal government by the Debtors; and/or (c) on behalf of the Debtors by the Debtors' third party payroll service provider. |
| 302 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/24/2025 | CareMax, Inc. | Disallow Claim 302 | The Corporate Income Tax Claim is an estimate only, and no unpaid corporate income taxes have been assessed. According to the Debtors' books and records, no corporate income taxes are owing by any of the Debtors for any outstanding tax periods. |

| POC No. | Claimant | Date Filed | Debtor | Resolution | Bases for Disallowance |
|---|---|---|---|---|---|
| 303 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/24/2025 | CareMax Medical Center of Little Havana, LLC | Disallow Claim 303 | The Withholding Tax Claims are estimates only. No unpaid FICA and/or FUTA obligations actually have been assessed. According to the Debtors' books and records, no FICA or FUTA withholdings are owing for any outstanding tax periods. Such amounts have been paid in full (a) pursuant to payments made by the Debtors' co-employer professional employment organization, RegisHR; (b) directly to the federal government by the Debtors; and/or (c) on behalf of the Debtors by the Debtors' third party payroll service provider. |
| 306 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/28/2025 | Medical Care of NY, PC | Disallow Claim 306 | A. The Withholding Tax Claims are estimates only. No unpaid FICA and/or FUTA obligations actually have been assessed. According to the Debtors' books and records, no FICA or FUTA withholdings are owing for any outstanding tax periods. Such amounts have been paid in full (a) pursuant to payments made by the Debtors' co-employer professional employment organization, RegisHR; (b) directly to the federal government by the Debtors; and/or (c) on behalf of the Debtors by the Debtors' third party payroll service provider.<br><br>B. The Corporate Income Tax Claim is an estimate only, and no unpaid corporate income taxes have been assessed. According to the Debtors' books and records, no corporate income taxes are owing by any of the Debtors for any outstanding tax periods. |

| POC No. | Claimant | Date Filed | Debtor | Resolution | Bases for Disallowance |
|---|---|---|---|---|---|
| 307 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/28/2025 | Medical Care of Tennessee, PLLC | Disallow Claim 307 | A. The Withholding Tax Claims are estimates only. No unpaid FICA and/or FUTA obligations actually have been assessed. According to the Debtors' books and records, no FICA or FUTA withholdings are owing for any outstanding tax periods. Such amounts have been paid in full (a) pursuant to payments made by the Debtors' co-employer professional employment organization, RegisHR; (b) directly to the federal government by the Debtors; and/or (c) on behalf of the Debtors by the Debtors' third party payroll service provider. <br><br>B. The Corporate Income Tax Claim is an estimate only, and no unpaid corporate income taxes have been assessed. According to the Debtors' books and records, no corporate income taxes are owing by any of the Debtors for any outstanding tax periods. |
| 310 | Department of Treasury Attn: Gina P. Daniels Internal Revenue Service PO BOX 7346 Philadelphia, PA 19101 | 2/28/2025 | Interamerican Medical Center Group, LLC | Disallow Claim 310 | Based upon the Debtors' books and records, former accounting staff of the Debtors, and the Debtors outside accountants, IMCG is not subject to any excise taxes and has never filed a return for excise taxes or paid federal excise tax. |