Michael D. Warner, Esq. (TX Bar No. 00792304)
Benjamin L. Wallen, Esq. (TX Bar No. 24102623)
PACHULSKI STANG ZIEHL & JONES LLP
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email:  mwarner@pszjlaw.com
        bwallen@pszjlaw.com

Bradford J. Sandler, Esq. (admitted *pro hac vice*)
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Judith Elkin (TX Bar No. 06522200)
Shirley S. Cho (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:  bsandler@pszjlaw.com
        rfeinstein@pszjlaw.com
        jelkin@pszjlaw.com
        scho@pszjlaw.com

Andrew H. Sherman, Esq. (admitted *pro hac vice*)
Boris I. Mankovetskiy, Esq. (admitted *pro hac vice*)
SILLS CUMMIS & GROSS P.C.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
Email:  asherman@sillscummis.com
        bmankovetskiy@sillscummis.com

*Counsel to Advisory Trust Group, LLC as Plan Administrator*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>CAREMAX, INC.,[1]<br><br>Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 24-80093 (MVL) |

**PLAN ADMINISTRATOR'S NINTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW CERTAIN CLAIMS
(ASSUMED AND ASSIGNED EXECUTORY CONTRACT AND LEASE CLAIMS)**

---

[1] The Post-Effective Date Debtor in this Chapter 11 Case is CareMax, Inc. The Post-Effective Date Debtor's mailing address is: Caremax Plan Administrator, c/o Giuliano Miller & Co. LLC, 2301 E Evesham Road, 800 Pavilion Suite 210, Voorhees Township, NJ 08043.

4916-5047-5642.6 12853.00003

> **THIS IS AN OBJECTION TO YOUR CLAIM. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXNB.USCOURTS.GOV/ NO MORE THAN THREE DAYS PRIOR TO THE DATE OF THE HEARING SET FORTH BELOW. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN RESPONSE THAT IS ACTUALLY RECEIVED BY THE CLERK AND FILED ON THE DOCKET NO MORE THAN THREE DAYS PRIOR TO THE DATE OF THE HEARING SET FORTH BELOW. OTHERWISE, THE COURT MAY TREAT THE OBJECTION AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **AN EVIDENTIARY HEARING WILL BE CONDUCTED ON THIS MATTER ON JANUARY 21, 2025, AT 1:30 P.M. C.T. IN ROOM 1424, EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 2, DALLAS, TEXAS 75242. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION. AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1.650.479.3207. THE MEETING CODE IS 160 135 6015. VIDEO COMMUNICATION WILL BE BY USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE LARSON'S HOME PAGE. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING. HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LARSON'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

1. Advisory Trust Group, LLC, in its capacity as plan administrator (the "Plan Administrator"), as defined in and established pursuant to the confirmed *Third Amended Joint Chapter 11 Plan of CareMax, Inc. and Its Debtor Affiliates* [Docket No. 586] (including any exhibits and schedules thereto, the "Plan"),[2] hereby files the *Plan Administrator's Ninth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Assumed and Assigned Executory Contract and Lease Claims)* (the "Objection"). In support of the Objection,

---

[2] A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Plan.

the Plan Administrator relies upon the *Declaration of Michael Infanti* (the "Infanti Declaration") which is attached hereto as **Exhibit A**.

### Jurisdiction and Venue

2.    The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory bases for the relief requested in this Objection are sections 365 and 502(b) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Relief Requested

4.    The Plan Administrator respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order"), disallowing each proof of claim and/or providing no recovery on any scheduled claim as set forth on **Schedule 1** to the Proposed Order (collectively, the "Assumed Claims") filed by the creditors identified therein (the "Claimants"). The Assumed Claims set forth on **Schedule 1** are asserted on account of Executory Contracts and Unexpired Leases that have been assumed by the Debtors and assigned to ClareMedica Viking, LLC (the "Core Centers Purchaser") under the Plan. Accordingly, each Assumed Claim has been deemed cured and satisfied pursuant to the Bankruptcy Code, the Confirmation Order, and the Plan.

**Background**

A. **General Background**

5. On November 17, 2024 (the "Petition Date"), the above-named Debtor and its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

6. On January 31, 2025, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement on a Final Basis; and (II) Confirming the Third Amended Joint Chapter 11 Plan of CareMax, Inc. and its Debtor Affiliates* [Docket No. 587] (the "Confirmation Order"), confirming the Plan. On February 3, 2025 (the "Effective Date"), the Plan became effective in accordance with its terms. *See* Docket No. 596. Upon the occurrence of the Effective Date, the Sale Transactions contemplated by the Plan were closed and the Plan Administrator was appointed and authorized, among other things, to reconcile and, if necessary, object to any claims asserted against the Debtors.

B. **The Claims Process**

7. On November 17, 2024, the Debtors filed a motion [Docket No. 24] (the "Bar Date Motion") to establish bar dates and to approve related notices and procedures. The Court granted the Bar Date Motion on December 18, 2024 [Docket No. 244] (the "Bar Date Order"). The Bar Date Order, *inter alia*, established January 21, 2025, at 11:59 p.m. (prevailing Central Time) as the deadline for any non-governmental entity to file a proof of claim asserting a Claim that arose prior to the Petition Date against any of the Debtors (the "Claims Bar Date"), and May 16, 2025, at 11:59 p.m. (prevailing Central Time) as the deadline for any governmental entity to file a proof of claim asserting a prepetition Claim against any of the Debtors (the "Governmental Bar Date", and collectively with the Claims Bar Date and the other deadlines for asserting claims set forth in the

Bar Date Order, the "Bar Dates"). The Plan further provided that any Executory Contracts or Unexpired Leases not assumed by the Debtors would be deemed rejected as of the Effective Date and that any counterparties to such rejected Executory Contracts and Unexpired Leases would have 30 days from the date of rejection to file proofs of claim.

8. On November 27, 2024, each of the Debtors filed their Schedules and Statement of Financial Affairs (the "Schedules") in which the Debtors identified their assets and liabilities, including liabilities to certain of the Claimants identified on **Schedule 1**.

## The Assumed Claims

9. The Plan Administrator and its advisors have reviewed, and continue to review, the proofs of claims filed in the Chapter 11 Cases, including any supporting documentation attached to the proofs of claim, the official Claims Register maintained in these cases, the pleadings and related documents pertaining to the Sale Transactions effectuated pursuant to the Plan, and the Debtors' pre and post-petition books and records, including the orders entered in these Chapter 11 Cases and each Debtor's Schedules (the "Claims Review Process"). As part of the Claims Review Process, the Plan Administrator has identified the Assumed Claims to which the Plan Administrator currently objects. *See* Infanti Declaration at ¶ 3.

10. Both the Plan and the Confirmation Order provide as follows:

> Assumption of any Executory Contract or Unexpired Lease pursuant to the Sale Documents or the Plan, including, for the avoidance of doubt…and payment of any Cure amounts relating thereto, shall, upon satisfaction of the applicable requirements of section 365 of the Bankruptcy Code, result in the full, final, and complete release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults or provisions restricting the change in control of ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time prior to the effective date of assumption…

Confirmation Order at ¶ 129; Plan at Art. V.A.

11. Under the Plan, any Executory Contracts and Unexpired Leases that were assumed by the Debtors for assignment to the designated Purchasers under the Plan Sales Transactions were set forth on the Schedule of Assumed Executory Contracts and Unexpired Leases (the "Assumption Schedules"). *See* Plan at Art. V.A. The Assumption Schedules were included in several Plan Supplements filed by the Debtors prior to the Effective Date, or by the Plan Administrator after the Effective Date as requested by the Core Centers Purchaser who, pursuant to the Plan and Confirmation Order, had the right to finalize assumption and rejection determinations after the Effective Date. The Assumption Schedules listed each contract counterparty alphabetically and included the Debtors' cure amount that would be paid by the applicable Purchaser (the "Cure Amount").

12. With respect to the Core Centers Schedule of Assumed Contracts and Unexpired Leases (the "CS Assumption Schedule"), there were several different versions of the CS Assumption Schedule filed as part of the Plan Supplement, including:

- *Notice of Filing of Fourth Amended Plan Supplement* [Docket No. 595] (the "Fourth Plan Supplement").

- *Notice of Filing of Sixth Amended Plan Supplement [Final Schedule of Core Centers Sale Transaction Assumed Contracts and Final Schedules of CareMed Pharmacy Assumed Contracts] and Rejection Damages Claims Deadline Relating Thereto* [Docket No. 656] (the "Sixth Plan Supplement").

- *Notice of Filing of Seventh Amended Plan Supplement [Revised Final Schedule of Core Centers Sale Transaction Assumed Contracts]* [Docket No. 865] (the "Seventh Plan Supplement").

13. As the Court is aware, there has been ongoing litigation regarding the CS Assumption Schedule as it pertains to a certain contract counterparty who is not the subject of this Objection and not included on **Schedule 1**. To the extent possible, the Plan Administrator has entered into (and is in the process of entering into) consensual stipulations with contract counterparties regarding finalization of the assumption and assignment of contracts under the CS

Assumption Schedule. With respect to the Assumed Claims set forth on **Schedule 1**, the Plan Administrator has conferred with the Core Centers Purchaser and confirmed that the Assumed Claims set forth on **Schedule 1** are all on account of Executory Contracts or Unexpired Leases that were assumed by the applicable Debtors and assigned to the Core Centers Purchaser.

14. Provided that the contract counterparty did not file a timely objection to the Assumption Schedules and the incorporated Cure Amount, the applicable Executory Contract or Unexpired Lease was deemed to be assumed and assigned to the applicable Purchaser under the terms of the Plan and Confirmation Order as of the Effective Date of the Plan. *See* Confirmation Order at ¶ 129; Plan at Art. V.A. The Plan and applicable Asset Purchase Agreements with the Purchasers provided that any Cure Amount would be paid by the applicable Purchaser.

### Basis for Relief

15. In a bankruptcy case, a creditor is not required to file a proof of claim if its debt is scheduled by the debtor as undisputed, non-contingent, and liquidated. *See* 11 U.S.C. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent or unliquidated."); FED. R. BANKR. P. 3003(b)(1). The debtor's schedules are deemed to be *prima facie* evidence of the claim's validity and amount unless a party in interest objects. FED. R. BANKR. P. 3003(b)(1).

16. Similarly, a filed proof of claim supersedes a scheduled claim and is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. Fed. R. Bankr. P. 3001(f). To receive the benefit of *prima facie* validity, a proof of claim must assert factual allegations that would entitle the claimant to a recovery. *In re Heritage Org., LLC*, 2006 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006).

Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under section 502(a) of the Bankruptcy Code and Bankruptcy Rule 3001(f) only until a party in interest objects to the filed proof of claim and the objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998). All claims filed in these Chapter 11 Cases, as well as the Debtors' Schedules, must be reviewed as part of the claims reconciliation process.

17. Once an objection to a claim is filed, "the burden shifts to the claimant to prove [the validity of its claim] by a preponderance of the evidence." In *re Congress*, LLC, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." In *re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

18. Objections to claims may be filed based upon one or more of the enumerated grounds in section 502(b) of the Bankruptcy Code, including "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). An objection to a proof of claim must be made in writing, and the claimant must be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* FED. R. BANKR. P. 3007(a). Objections may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons, including that the claims "have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order". FED. R. BANKR. P. 3007(d)(E).

19. The Assumed Claims are properly included in this Objection as each meets one or more of the criteria for objection pursuant to section 502(b) and Rule 3007(d)(2)(E). The Assumed Claims are all on account of Executory Contracts or Unexpired Leases that have been assumed by the Debtors through the CS Assumption Schedule in connection with the Plan and assigned to the Core Centers Purchaser. Upon information and belief, the Core Centers Purchaser has paid any applicable Cure Amount or negotiated such other treatment with the applicable counterparty. In accordance with section 365 of the Bankruptcy Code and the Plan, any default under such assumed and assigned Executory Contract or Unexpired Lease has been cured pursuant to the terms of the Plan. Thus each of the Assumed Claims has been satisfied and the Debtors have no further liability for such Assumed Claims.

20. For each of the Assumed Claims, the Plan Administrator requests entry of an order disallowing each Assumed Claim identified on **Schedule 1** to the Proposed Order for the reason set forth in the "Reason for Objection" column and as generally set forth above. If the Assumed Claims are not disposed of as indicated, the counterparty may receive a duplicate recovery and the claims of other stakeholders in these Chapter 11 Cases will be negatively impacted in the calculation of the recovery available to holders of General Unsecured Claims under the Plan. *See* Infanti Declaration at ¶ 5.

21. In accordance with Local Rule 3007-1(a), **Schedule 1** identifies for each Claimant: (a) the name of the Claimant; (b) the Debtor against which the claim was asserted; (c) the proof of claim or scheduled claim identification number; (d) the date the proof of claim was filed or the claim scheduled; (e) the amount of the scheduled claim or proof of claim (f) the classification of the claim (if relevant) and (g) the basis for the objection. Each Assumed Claim is listed

alphabetically and the Claimant may obtain a copy of its applicable proofs of claim from counsel for the Plan Administrator.

22. Accordingly, the Plan Administrator respectfully requests that the Court disallow each Assumed Claim identified on **Schedule 1** to the Proposed Order for the reasons set forth in the "Reason for Objection" column.

### Separate Contested Matter

23. To the extent that a response is filed regarding any Assumed Claims and the Plan Administrator is unable to resolve such response, each such Assumed Claim, and the Objection as it pertains to such Assumed Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Plan Administrator requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim and scheduled claim.

### Reservation of Rights

24. The Plan Administrator hereby reserves the right to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly filed claims. The Plan Administrator also reserves the right to object in the future to any other claim filed by a Claimant whose claim is subject to this Objection. Notwithstanding anything contained in this Objection or the attached exhibit, nothing herein shall be construed as a waiver of any rights of the Plan Administrator to assert and exercise any rights of setoff against the holders of such claims that the Debtors may have.

### Notice

25. Notice of this Objection shall be provided to (i) the Office of the United States Trustee for the Northern District of Texas; (ii) each of the Claimants whose claim is subject to this

Objection and such Claimant's counsel, if known; and (iii) all entities requesting notice after the Effective Date pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Plan Administrator submits that no further notice is required.

**WHEREFORE**, based upon the foregoing, the Plan Administrator respectfully requests that the Court (a) sustain this Objection; (b) enter the Proposed Order sustaining this Objection providing for the disallowance of the Assumed Claims identified on **Schedule 1** to the Proposed Order; (c) grant such other and further relief as the Court deems just and proper under the circumstances.

(*remainder of page intentionally left blank*)

Dated: December 12, 2025

Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Judith Elkin*
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Judith Elkin (TX Bar No. 06522200)
Shirley S. Cho (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
　　　　jelkin@pszjlaw.com
　　　　scho@pszjlaw.com

- and -

Michael D. Warner, Esq. (TX Bar No. 00792304)
Benjamin L. Wallen, Esq. (TX Bar No. 24102623)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email: mwarner@pszjlaw.com
　　　　bwallen@pszjlaw.com

-and-

Andrew H. Sherman, Esq. (admitted *pro hac vice*)
Boris I. Mankovetskiy, Esq. (admitted *pro hac vice*)
**SILLS CUMMIS & GROSS P.C.**
The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
Email: asherman@sillscummis.com
　　　　bmankovetskiy@sillscummis.com

*Counsel to Advisory Trust Group, LLC as Plan Administrator*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December, 2025, a true and correct copy of the above and foregoing was caused to be served in the following manner: (A) through this Court's CM/ECF noticing system on all parties registered to receive notices in these cases; and (B) by first class U.S. Mail, on (i) those Claimants whose names appear in the signature blocks on the Assumed Claims for which mailing addresses were provided in the applicable proof of claim; (ii) those Claimants listed on the Debtors' Schedules at the address so indicated thereon with service on an authorized representative of the entity, and (iii) any counsel of record for such Claimants; all in accordance with Bankruptcy Rule 7004.

*/s/ Judith Elkin*
Judith Elkin