# **EXHIBIT A**

## **Declaration of Michael Infanti**

4916-5047-5642.6 12853.00003

Michael D. Warner, Esq. (TX Bar No. 00792304)
Benjamin L. Wallen, Esq. (TX Bar No. 24102623)
PACHULSKI STANG ZIEHL & JONES LLP
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email:   mwarner@pszjlaw.com
         bwallen@pszjlaw.com

Bradford J. Sandler, Esq. (admitted *pro hac vice*)
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Judith Elkin (TX Bar No. 06522200)
Shirley S. Cho (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:   bsandler@pszjlaw.com
         rfeinstein@pszjlaw.com
         jelkin@pszjlaw.com
         scho@pszjlaw.com

Andrew H. Sherman, Esq. (admitted *pro hac vice*)
Boris I. Mankovetskiy, Esq. (admitted *pro hac vice*)
SILLS CUMMIS & GROSS P.C.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
Email:   asherman@sillscummis.com
         bmankovetskiy@sillscummis.com

*Counsel to Advisory Trust Group, LLC as Plan Administrator*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>CAREMAX, INC.,[1]<br><br>Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 24-80093 (MVL) |

**DECLARATION OF MICHAEL INFANTI IN SUPPORT OF THE PLAN
ADMINISTRATOR'S NINTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO
SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE
SEEKING TO DISALLOW CERTAIN CLAIMS
<u>(ASSUMED AND ASSIGNED EXECUTORY CONTRACT AND  LEASE CLAIMS)</u>**

---

[1] The Post-Effective Date Debtor in this Chapter 11 Case is CareMax, Inc. The Post-Effective Date Debtor's mailing address is: Caremax Plan Administrator, c/o Giuliano Miller & Co. LLC, 2301 E Evesham Road, 800 Pavilion Suite 210, Voorhees Township, NJ 08043.

I, Michael Infanti, hereby declare:

1. I am an Accounting Manager with Giuliano Company, LLC and my firm has been retained by Advisory Trust Group, LLC in its capacity as plan administrator (the "Plan Administrator"), as defined in and established pursuant to the confirmed *Third Amended Joint Chapter 11 Plan of CareMax, Inc. and Its Debtor Affiliates* [Docket No. 586] (including any exhibits and schedules thereto, the "Plan"), to assist with the administration of the estates post-Effective Date and related claims analysis. I have over 20 years' experience working on chapter 11 cases in various capacities including as a CPA, a fraud examiner, and an insolvency and restructuring professional. I am generally knowledgeable about and familiar with the Debtors' and Reorganized Debtor's businesses and financial affairs.

2. Except as otherwise indicated, the facts set forth in this declaration (the "Declaration") are based upon my personal knowledge, work performed by others on the Plan Administrator's team in consultation with counsel, discussions with employees of the Reorganized Debtor and/or its advisors, and based upon my general experience and knowledge related to the Debtors' and Reorganized Debtor's liabilities and information from its pre and post-petition books and records, as well as the Claims Register and the Schedules filed by the Debtors. If called upon to testify, I would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of the Plan Administrator. I am familiar with the *Plan Administrator's 9th Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Assumed Claims)* (the "Objection"), filed concurrently herewith and incorporated herein by reference.[2]

---

[2] Capitalized terms used but not defined in this Declaration shall have the meanings ascribed to them in the Plan or the Objection, as applicable.

4916-5047-5642.6 12853.00003

3. In evaluating the Assumed Claims detailed on **Schedule 1** to the Objection, I, or professionals acting at my direction, have reviewed the applicable proofs of claim subject to the Objection and any documents attached thereto, the Debtors' Schedules and applicable books and records, including employee records and the confidential Patient List, and, to the extent publicly available, information about the claimant's relationship with the Debtors. I have also reviewed the applicable lists of assumed and assigned contracts relating to the Sale Transactions approved by the Plan as well as confirmed which secured obligations have been assumed by a Purchaser. This research and review process is referred to in the Objection as the Claims Review Process.

4. After the Claims Review Process and in consultation with the Plan Administrator's professionals (including legal professionals), I have determined that the Assumed Claims listed on **Schedule 1** to the Objection are all on account of contracts or leases that were assumed by the Debtors and assigned to the Core Centers Purchaser as confirmed to counsel by the counsel for the Core Center Purchaser. The Plan and applicable Asset Purchase Agreements with the Purchasers provided that any Cure Amount would be paid by the applicable Purchaser. Thus each of the Assumed Claims has been satisfied and the Debtors have no further liability for such Assumed Claims. Therefore, each of the Assumed Claims should be disallowed.

5. If the Assumed Claims are not disposed of as indicated, the counterparty may receive a duplicate recovery and the claims of other stakeholders in these Chapter 11 Cases will be negatively impacted in the calculation of the recovery available to holders of General Unsecured Claims under the Plan.

6. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing Declaration are true and correct to the best of my knowledge, information, and belief.

Dated: December 12, 2025                    */s/ Michael Infanti*
                                                            Michael Infanti
                                                            Accounting Manager
                                                            Giuliano Miller & Company, LLC